Nash, J.
 

 The action was commenced in the Superior Court of Cleaveland County. The declaration was in
 
 indebitatus assumpsit
 
 for one hundred dollars. On the trial, the plaintifF proved an account for sixty-one dollars, which was reduced by a payment to forty-one dollars, for which sum the jury rendered a verdict. The Court, on motion of the defendant, set aside the verdict and non-suited the plaintiff, because the Court had not jurisdiction.
 

 By the 40th sec. of the act of 1836, it is enacted, “ that no suit shall be originally commenced in any Court of record for any debt or demand of less value than sixty dollars, for goods, wares and merchandise,” &c., “ nor for any sum of less value than one hundred dollars due by
 
 *220
 
 bond, note,” &c. By the 41st sec. it is provided, “ if any suit shall be commenced in any of the said County Courts for any sum of less value than sixty dollars, contrary to the provision of the preceding section, the same shall be abated on the plea of the defendant,” &c. The 42nd sec. directs, that “ if any suit shall fee commenced in any of the Superior Courts, contrary to the provisions of the 40th sec. the same shall be dismissed by the Court, and if any suit shall be commenced in any of the Superior Courts contrary to the true intent and meaning thereof, or if any person shall demand a greater sum than is due, on purpose to evade the operation of this act or otherwise, and by the verdict of a jury, it shall be ascertained, that a less sum is due to him in principal and interest, than by the provision of the said 40th sec. the said Court has jurisdiction of, then and in that case, it shall be the duty of the Court to non-suit the plaintiff; and he shall pay all costs: provided, that if the plaintiff will make an affidavit to be filed in the case, that the sum, for which the suit is brought, is really due, but, that for the want of proof or that the time limited for the recovery ■' of any article bars a recovery, then the plaintiff shall have judgment,” &c.
 

 The result from these different sections is, that if a suit be
 
 commenced
 
 in the County Court, for a sum of less value than sixty dollars, it shall be abated upon the defendant’s plea. Pie cannot, if he plead in chief, avail himself of the prohibition by a motion to dismiss. If the suit be in the Superior Court, and be commenced for, that is, “if the writ demand, a less sum than that pointed out in the 40th sec. the Court shall dismiss it ”
 
 Clark
 
 v. Cameron, 4th Ire. 161. The object of the Legislature, however, might he evaded in the latter case, by demanding in the writ a sum which would give the Court jurisdiction, when, really, a less sum was due. In such case, the Court cannot dismiss the suit. It cannot judicially
 
 *221
 
 know the fact to be that it had not jurisdiction ; but that difficulty is met in the 42nd sec. If the suit shall be commenced coiftrary to the provisions of the 40th sec. or if a greater sum is demanded in the writ than is due, with the intent to evade it, and the verdict of the jury shall be for a sum less than that which gives jurisdiction to the Court, the plaintiff shall be non suited and pay the costs ; and the Legislature considers the finding of a less sum by the jury as proof of the
 
 intent
 
 of the plaintiff, in demanding a larger sum than is found due. And such has been the practice under the act as far as we are informed. JBut it is not conclusive upon the party — fo^he may, under the first proviso, show, that the sum really due is such as to give jurisdiction to the Court. The plaintiff, however, contends, that, as he could have brought his action in the County Court by the general law, and as jury trials in that tribunal are abolished in Cleaveland County and transferred to the Superior Court, by a just construction of the local acts, advantage must be taken of the want of jurisdiction, as is pointed out in the 4lst sec. and th^^ the provisions of the 42nd sec. do not apply to suclflHj case. We do not concur in this view of the law. By the local act of 1846, ch. 150, the trial by jury is abolished in the County Court of^Cleaveland, and it is declared, that an act passed in 1844, giving to the Superior Courts of th?Counties of Yancy and others original and exclusive jurisdiction in all cases, where the intervention of á jury may be necessary, shall extend to the County of Cleaveland. By the 5th sec. of the act of 1844,
 
 all
 
 suits are directed to be brought in the Superior Courts of the Counties embraced in the act. By the local act of 1846, the 41st sec. of the general law, so far as the County of Cleaveland is concerned, is repealed. The jurisdiction of the County and SuperioV Courts is not concurrent in all suits upon money demands. The private act of 1846 did not increase the jurisdiction which the Superior Court of
 
 *222
 
 Cleaveland would have had under the general law; its only effect, in this particular, wasjto ¡increase its business, by throwing into it original suits, which#might have been brought in the County Court; nor does it disturb the provisions of the 42nd sec. of the general law. As to the proceedings of the Superior Courts, they remain as they were under the act of 1836. By this latter act, the finding of the jxyy ascertains the sum actually due to the plaintiff, and also the intent with which a larger sum was demanded in the writ, “ to-wit,” to evade the act; and but for the proviso, it would have been conclusive upon the pla%tiff, and the Court would have been imperatively bound ^o non-suit him,
 
 non obstante veredicto.
 
 — • But the proviso put it in his power to avoid the conclusion, if the facts will justify him in making the required affidavit. This has not been done — and the Court committed n^error in the judgment pronounced.
 

 _JPbr Cuhiam. . Judgment affirmed.